UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 0:11-CV-61731-COOKE

CYNTHIA STUBBS,
    Plaintiff,
vs.
FLORIDA DEPARTMENT OF
HIGHWAY SAFETY &
MOTOR VEHICLES,
    Defendant.
_____/

## DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS

Defendant, FLORIDA DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES ("Department") , by and through undersigned counsel, pursuant to Fed.R.Civ.P. 56 and S.D. Fla. Local Rule 7.5, files this Statement of Undisputed Material Facts in Support of Motion for Summary Judgment as follows:

1. This is a civil rights case based on the termination of the Plaintiff. She alleges one count of retaliation under Title VII against the Department of Highway Safety and Motor Vehicles.[1]

2. Cynthia Stubbs began working for the Department on September 22, 2003 as a Driver's License Examiner. *See* Stubbs Depo. at p.18. As a Driver's License Examiner, Stubbs was responsible for providing customer service to the public by examining documents, providing information, and conducting written as well as driving tests. *Id.* at p.20. She worked at various office locations including Sunny Isles Beach, Bunch Park, County Line Road, and Opa Locka. *See Id.* at p. 21, 27.

---

[1] Plaintiff entered into a stipulation of dismissal of Count II, which was a claim under the Public Whistle Blower statute under Chapter 112, Fla. Stat. *See* DE #37.

### *Prior Disciplinary Action*

3. On or about January 6, 2005, while she was working at the Bunch Park office, Stubbs received a twenty-four (24) hour suspension by the Department for violating its rules and policies as well as exhibiting behavior which is conduct unbecoming a public employee. *See id.* at p.43-44; *See also* Exhibit 2 attached to Stubbs Depo. She became involved in a verbal confrontation with a co-worker, Frank Estrada. Stubbs admitted that she became loud in front of the customers, which is a policy violation. *Id.* at p.23. She did not appeal the decision to reprimand her. *Id.* This was followed by a written reprimand dated August 1, 2005 as well as an oral reprimand that was issued to her on or about August 13, 2007, for violating Department rules and policies again. *Id.* at p.27. Stubbs could not recall the circumstances surrounding the written and oral reprimand, but remembered receiving the oral reprimand from field services manager, Toby Castillo. *Id.* Thereafter, on June 29, 2009, Stubbs received another written reprimand for being absent without authorized leave. *Id.* at p.32.

4. From May 4, 2010 through May 6, 2010, Stubbs was placed on her second twenty-four (24) hour suspension. See Stubbs Depo. at p.40; *See also* Exhibit 1 attached to Stubbs Depo. This suspension was based on two separate incidents. These incidents involved a violation of Department policy as well as conduct unbecoming a public employee. The first incident which occurred on June 24, 2009, consisted of a customer, Ms. Diaz, complaining to the field service manager. The customer alleged that Stubbs was rude to her and embarrassed her while making fun of her handwriting. *See* Exhibit 1 attached to Stubbs Depo. The second incident, occurring on September 22, 2009, involved another customer complaint. Stubbs was working at the front desk and told a Spanish speaking customer to find an interpreter. However, when she returned with

her niece who was outside, Stubbs allegedly did not let them into the office. *See* Stubbs Depo. at p.40. In addition to treating the customer poorly because she only spoke Spanish, the written complaint alleged that Stubbs physically pushed them out the door. According to Stubbs, the allegations of any physical force were not substantiated by the videos; however, the 24 hour suspension was still issued based on her conduct. *See* Exhibit 1 attached to Stubbs Depo.

### *Incident Involving Complaint of Discrimination and Investigation*

5. On June 2, 2010, a customer missed her number and approached Stubbs for assistance. Stubbs was attending another customer at the time and told him to return to the reception desk in order to get a new number. *See* Stubbs Depo. at p. 48. The Driver's License Examiner at the reception desk, Debra Horvath, following procedure, requested that Stubbs assist the customer as the closest available examiner. Stubbs advised that the customer was not her responsibility, to look at the Q-matic screen, and that the customer be sent to the original examiner she was assigned. Stubbs and Horvath engaged in a verbal exchange where, ultimately Horvath stated, "All I have to do is stay white and die." *See* Stubbs Depo. at p. 48*; see also* Exhibit 4 attached to Stubbs Depo.[2]

6. At that moment, the office manager, Sharon Sanchez, could hear from her office what occurred. *Id.* at p.48. Sanchez took both Stubbs and Horvath to her office where it became loud. *Id.* at p.50. Stubbs admitted to being loud. *Id.* It became so loud that the Field Services Manager, Elizabeth Arabi entered the office and attempted to calm down Stubbs by lowering her voice. *Id.*

---

[2] Plaintiff also claimed that Horvath stated "and you're going to stay black until you die." *See* Exhibit 4 attached to Stubbs Depo. However, no witness to the incident heard the "black" comment and Horvath denied stating that part, but admitted to saying the "white" comment. *See* Exhibit 3 attached to Stubbs Depo. *See also* Horvath Depo. at p. 33. This issue is immaterial to the analysis of retaliation for summary judgment purposes.

at p.50; *see also* Exhibit 3 attached to Stubbs Depo.; *see also* Sanchez Depo. at p.25. According to Department policy, Stubbs as well as Horvath and all of the witnesses were asked to submit "Observation Forms". *See* Stubbs Depo. at p.53. Stubbs' observation form was submitted and considered it a complaint of racial discrimination. *See* Stubbs Depo. at p. 55. Once the observation forms were collected, the matter was taken out of Sharon Sanchez's hands. *See* Sanchez at p.30.

7. As a result of the complaint that was lodged, the Office of Inspector General initiated an investigation per Department policy. *See* Stubbs Depo. at p. 53, 60; *see also* Lambert Depo. at p.37-38. The Department has an anti-discrimination policy in addition to its rules and operational policies. *See* Sanches Depo. at p.13. The investigator, John Dalton, from Tallahassee was responsible for securing sworn statements from the witnesses. *See* Stubbs Depo. at p.62. Stubbs was provided a document from the Inspector General's Office with the statements given by all of the witnesses to the incident. *See* Stubbs Depo. at p.62.

*Disciplinary Action Taken*

8. After the investigation was completed a disciplinary staffing was held for both of the involved parties, Stubbs and Horvath. *See* Lambert Depo. at pp. 38-40. This staffing involved the Director of Motor Services or her deputies, an attorney from the general counsel's office, and members from the Employee Relations Department. *See* Lambert Depo. at p. 38-39.

9. Both Horvath and Stubbs were disciplined for the incident that arose on June 2, 2010. *See* Lambert Depo. at pp. 38-40. Horvath was placed on suspension for twenty-four (24) hours. *See* Horvath Depo. at p.31. Prior to this incident involving Stubbs, Horvath who was a Department

employee for more than ten (10) years at the time, never had any disciplinary action taken against her either in the form of a reprimand or suspension. *See* Horvath Depo. at p. 34.

10. A Pre-determination Conference was held on October 20, 2010 with Diana Maus, Chief of Staff, Motorist Services. *See* Exhibit 3 attached to Stubbs Depo.; *see also* Stubbs Depo. at p.74. It was found that Stubbs did not provide additional information which would change the determination of the Department. *See id.* Stubbs acknowledged that the decision to terminate her came from Tallahassee. *See* Stubbs Depo. at p.70. In fact, according to her testimony, all of the disciplinary action taken against her while she worked for the Department was taken by individuals in Tallahassee; although she did not know who made the decision. *See Id.*

12.  On November 10, 2010, Stubbs was dismissed from the Department. Based on her conduct, she violated the following Department policies: (1) Providing Quality Customer Service (Driver License Policy 005); (2) Customer Service, Code of Ethics (Driver License Operations Manual CS02.2(11)); (3) Examiner conduct and customer service overview (Driver License Operations Manual CS1.1); and, (4) work place safety and security (DHSMV Policy 6.06). See Exhibit 3 attached to Stubbs Depo.; *see* also Stubbs Depo. at pp. 68-70. These policy violations constituted conduct unbecoming a public employee and a violation of statutory authority, rules, regulations, or policies. *See* Exhibit 3 attached to Stubbs Depo. Both of which were second offenses. *Id.*; *see also* Lambert Depo. at p.40-41.

13. The Plaintiff testified that her claim for retaliation is based upon the actions of her co-workers, Debra Horvath, Marylyn Jackson, and Sharon Sanchez. *See* Stubbs Depo. at p.93. However, she admitted neither Horvath or Jackson had disciplinary authority over her as they were all examiners and she was unaware if Sharon Sanchez had authority because all discipline

had to come from Tallahassee. *See Id.* at p. 93-94. In fact, based on her deposition testimony, Stubbs was unaware if she had received any disciplinary action by any one of the local managers or supervisors including Sharon Sanchez or Elizabeth Arabi because of the chain of command. *See* Stubbs Depo. at p.70-71. According to Sharron Sanchez, she was not involved in either the decision to discipline Horvath or dismiss Stubbs from the Department. *See* Sanchez Depo. at p. 30. Ms. Sanchez learned of these employment decisions after the discipline was issued against both Horvath and Stubbs. *See* Sanchez Depo. at pp. 35-36. Stubbs did not appeal her dismissal with the Public Employees Relations Commission (PERC) board. *See* Stubbs Depo. at p. 73.

14.     After the Plaintiff was terminated in November of 2010, she filed a complaint with the EEOC and a notice of right to sue letter was issued on May 31, 2011. *See* DE #15 at p.2. This suit follows.

I hereby certify that on this 21st day of  May, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on Chad E. Levy, Esq., Levy & Levy, P.A., 300 S.E. 13 Street, Ft. Lauderdale, FL 33316, in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

<div style="margin-left:50%">

LAW OFFICES OF OSCAR E. MARRERO
Attorneys for Defendant Fla. DHSMV
Douglas Centre, PH-4
2600 Douglas Road
Coral Gables, FL 33134
(305) 446-5528
(305) 446-0995 (fax)


BY  /s/ Lourdes Espino Wydler
     OSCAR E. MARRERO
     F.B.:  372714
     oem@marrerolegal.com
     LOURDES E. WYDLER
     F.B.:  719811
     lew@marrerolegal.com

</div>