UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:11-CIV-61731-COOKE/Turnoff

CYNTHIA STUBBS,

    Plaintiff,

vs.

FLORIDA DEPARTMENT OF
HIGHWAY SAFETY &
MOTOR VEHICLES,

    Defendant.
_____/

## DEFENDANT'S MOTION TO TAX BILL OF COSTS

COMES NOW the Defendant, FLORIDA DEPARTMENT OF HIGHWAY SAFETY & MOTOR VEHICLES, by and through undersigned counsel, pursuant to Rule 54 of the Federal Rules of Civil Procedure, Local Rule 7.3, 28 USC § 1920, and move for entry of an order taxing costs upon the following grounds:

1. This civil rights action arises from allegations that the Defendant retaliated against the Plaintiff and discharged her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, *et seq.* for complaining that a fellow co-worker made a racially discriminatory remark towards her. The Defendant was the prevailing party to this suit.

2. The Defendant moved for summary judgment on the basis that the Plaintiff failed to establish a prima facie case of retaliation under 42 U.S.C. § 2000, *et seq.* The District Court ruled in the Defendant's favor, entered its order granting the Defendant's Motion for Summary judgment on October 17, 2012, and held that the Plaintiff failed to establish a causal nexus between her protected activity and the Defendant's adverse employment action. *See* D.E. # 78.

3. Pursuant to 28 USC §1920, Fed. R. Civ. P. 54(d), and Local Rule 7.3, the Defendant should receive an award for reimbursement of costs in the amount of $3,145.51. *See* Exhibit. The costs are categorized as follows:

| | | |
|---|---|---|
| Witness fees related to discovery | Dr. Kadiyala | $7.50 |
| | Dr. Staller | $7.50 |
| | Concentra Medical Center | $7.50 |
| | Design Neuroscience | $7.50 |
| | Dr. Harris | $7.50 |
| | Blue Cross/Blue Shield (Jacksonville) | $7.50 |
| | Department of Economic Opportunity | $7.50 |
| Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in this case | | $690.57 |
| Deponent Transcript fees | Sandra Lambert's deposition | $386.05 |
| | Plaintiff's deposition | $934.64 |
| | Sharon Sanchez's deposition | $388.90 |
| | Debra Horvath's deposition | $412.95 |
| Subpoena fees related to discovery | Blue Cross/Blue Shield (Jacksonville) | $64.95 |
| | Drs. Kadiyala and Harris | $50.00 |
| | Design Neuroscience Center, Dr. Staller and Concentra Medical Center | $100.00 |
| | Department of Economic Opportunity | $64.95 |
| **Total** | | $3,145.51 |

4. The undersigned have fully reviewed the billing file and documentation verifying the itemization in this Motion to Tax Costs. This motion is justified and appropriate under the circumstances, and has a sound factual basis.

5. The undersigned counsel has made a good faith attempt to resolve the issue on the entitlement and the amount taxable under 28 U.S.C. § 1920 as provided under Local Rule 7.3(c).

## MEMORANDUM OF LAW

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "'Costs' refers to those charges that one party has incurred and is permitted to have reimbursed by the opposing party as part of the judgment in the action." 10 Charles Alan Wright & Arthur Miller, *Federal Practice and Procedure* § 2666 (3d. ed 2012).

Section 1920(2) of title 28 authorizes deposition costs as taxable. *U.S. Equal Emp't Opportunity Comm'n v. W&O Inc.*, 213 F.3d 600, 620 (11th Cir. 2000). "A district court may tax costs 'associated with the depositions submitted by the parties in support of their summary judgment motions.'" *W&O Inc.*, 213 F.3d at 621 (quoting *Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1474 (10th Cir. 1997)). Determining if deposition costs are taxable turns on "whether the deposition was wholly or 'partially necessarily obtained for use in the case.'" *W&O Inc.*, 213 F.3d at 620–21 (quoting *Newman v. A.E. Staley Mfg. Co.*, 648 F.2d 330, 337 (5th Cir. Unit B 1991)). In the present matter, the Defendant took the testimony of the witnesses in order to file its motion for summary judgment, and such depositions were necessarily obtained for use in this case.

Concerning copy costs, section 1920(4) of Title 28 provides that courts have the discretion to tax "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C § 1920(4). "'Copies attributable to discovery' are a category of copies recoverable under [28 U.S.C.] § 1920(4)." *W&O Inc.*, 213 F.3d at 623 (quoting *Desisto Coll., Inc. v. Town of Howey-in-the Hills*, 718 F.

Supp. 906, 913 (M.D. Fla. 1989)). Here, just as in *W&O Inc.*, the Defendant reasonably believed it was necessary to copy the materials in preparation for discovery and in defense of the Plaintiff's claim. *See W&O Inc.*, 213 F.3d at 623 (holding that photocopying costs attributable to discovery were properly taxable on the losing party).[1] These copies included exhibits and records obtained in preparation for discovery and trial of this case.

With respect to witness fees, these costs are generally recoverable under section 1920(3) of Title 28, however, they "are limited to $40 per day, per witness" as provided for under 28 U.S.C. § 1821(b). *Perkins v. Tolen*, No. 3:10-cv-851-j-37TEM, 2012 WL 3244512 at *1, * 3 (M.D. Fla. July 13, 2012). Here, the witness fees are well below the statutory maximum. Looking lastly towards the subpoena fees, these assessments were related to the retrieval of records during the course of discovery and are properly taxable under 28 U.S.C. § 1920. *See Perkins*, 2012 WL 3244512 at *4 ("As with deposition and photocopies, section 1920 permits the recovery of costs associated with gathering copies of records so long as they are necessary for use in the case."). Accordingly, the costs incurred by the Defendant were reasonable and necessary to defend the Plaintiff's claim and are properly taxable in accordance with federal law.

WHEREFORE, based upon the foregoing, the Defendant, FLORIDA DEPARTMENT OF HIGHWAY SAFETY & MOTOR VEHICLES, respectfully requests this Honorable Court enter an order granting taxable costs in its favor.

---

[1] Notably, the undersigned reduced from two (2) copy bills the amount that was previously billed to Plaintiff's counsel for their duplication costs in the production of discovery. These direct bills have not been paid.

LAW OFFICES OF OSCAR E. MARRERO

DOUGLAS CENTRE, PH-4 • 2600 DOUGLAS ROAD • CORAL GABLES, FLORIDA 33134 • TELEPHONE (305) 446-5528 • FACSIMILE (305) 446-0995

*Stubbs v. Fla. Dep't. of Highway Safety & Motor Vehicles*
Case No.: 0:11-CV-61731-COOKE
Page 5 of 6

## **VERIFICATION**

BEFORE ME, this day personally appeared LOURDES E. WYDLER, who first being duly sworn, deposes and says that he has fully reviewed the data supporting the Motion to Tax Bill of Costs, the billing file, and that the motion is justified and based in fact.

FURTHER AFFIANT SAYETH NOT.

LOURDES E. WYDLER

Sworn and subscribed before me this 16TH day of November, 2012.

Notary Public, State of Florida
My Commission Expires:



GUERTTY LOPEZ
MY COMMISSION # EE040345
EXPIRES November 08, 2014
(407) 398-0153  FloridaNotaryService.com

LAW OFFICES OF OSCAR E. MARRERO
DOUGLAS CENTRE, PH-4 • 2600 DOUGLAS ROAD • CORAL GABLES, FLORIDA 33134 • TELEPHONE (305) 446-5528 • FACSIMILE (305) 446-0995

*Stubbs v. Fla. Dep't. of Highway Safety & Motor Vehicles*
Case No.: 0:11-CV-61731-COOKE
Page 6 of 6

We hereby certify that on this 16th day of November, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on Andrew V. Tramont, Esq., RODRIGUEZ TRAMONT GUERRA, NUÑEZ, P.A., 255 Alhambra Circle, Suite 1150, Coral Gables, FL 33134, in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

LAW OFFICES OF OSCAR E. MARRERO
Attorneys for Defendant, Fla. DHSMV
Douglas Centre, PH-4
2600 Douglas Road
Coral Gables, FL 33134
(305) 446-5528
(305) 446-0995 (fax)

BY _____
OSCAR E. MARRERO
F.B.: 372714
oem@marrerolegal.com
LOURDES E. WYDLER
F.B.: 719811
lew@marrerolegal.com